IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| FABIAN WOODS, JR., | : |
| Plaintiff, | : |
| v. | : No. 4:23-cv-00194-CDL-AGH |
| LT. ADRIAN WEST, *et al.*, | : |
| Defendants. | : |

## ORDER

Plaintiff Fabian Woods, Jr., has filed a motion for leave to appeal *in forma pauperis*. Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 33. Plaintiff seeks to appeal the judgment in favor of Defendants entered on May 24, 2024. Order Adopting R. & R., ECF No. 25; J., ECF No. 26. After reviewing the record, the Court enters the following Order.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. Under 28 U.S.C. § 1915,

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Here, Plaintiff has submitted an updated motion for leave to appeal *in forma pauperis*, which demonstrates that he is unable to prepay the appellate filing fee. Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 33.

Second, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

2

In this action, Plaintiff's complaint was dismissed without prejudice for failure to state a claim because Plaintiff's statement of facts consisted of generalities and conclusory allegations that were not supported by specific factual allegations regarding the claims that Plaintiff was attempting to make. *See* R. & R., ECF No. 17; Order Adopting R. & R., ECF No. 25. In his notice of appeal, Plaintiff generally asserts that he has experienced retaliation and harassment, but he again does not set forth any specific facts regarding these experiences.[1]  *See* Notice of Appeal, ECF No. 30.

In the motion for leave to appeal *in forma pauperis*, Plaintiff notes that Warden Scott Wiza was not listed on the docket and asserts that the Warden "seem[s] to have been overlooked" as a defendant. Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 33. Plaintiff did not list Warden Wiza as a defendant on the original complaint, and thus, he was not initially included in the caption. *See* Compl. 1, 4, ECF No. 1. Regardless, the recommendation of dismissal specifically recognized Plaintiff's inclusion of Warden Wiza in addressing the recast complaint. *See* R. & R. 3, ECF No. 17. Thus, Plaintiff's claims as to Wiza were not overlooked.

Plaintiff also makes general assertions regarding the types of claims that he intended to raise, but Plaintiff does not include any specific factual allegations to support these claims. *See* Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 33. Moreover,

---

[1] Plaintiff states in this filing that he wants to file an appeal or a motion to alter or amend the judgment. Plaintiff does not assert any grounds for altering the judgment under Fed. R. Civ. P. 59(e). To the extent that this filing may be construed as a motion to alter or amend the judgment, it is **DENIED**.

3

Plaintiff does not set forth any argument showing that the dismissal of the complaint was improper in any way.  *See id.*

Having considered these arguments, this Court concludes that Plaintiff has not identified a non-frivolous issue for appeal because Plaintiff's complaint did not state a claim for relief.  Moreover, this Court's independent review of the record demonstrates that Plaintiff's appeal is frivolous.  The appeal, therefore, is not brought in good faith.  Consequently, Plaintiff's application to appeal *in forma pauperis* is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $600 appellate filing fee.  Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full.  Checks should be made payable to "Clerk, U.S. District Court."  The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 25th day of July, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA